1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT
8                    DISTRICT OF NEVADA
9

10  GREGORY E GRANTHAM, *et al.*,

11          Plaintiffs/Appellants,           Case No. 2:12-CV-00096-KJD-PAL

12  v.                                       **ORDER**

13  TIMOTHY S. CORY, *et al.*,

14          Defendants/Appellees.

15

16          Before the Court is Appellants' Appeal under 28 U.S.C. § 158(a) from the bankruptcy court's

17  Order Re: Objections to Claim Number 12, Contribution Claim of Gregory Grantham and John Saba

18  entered in Case 03-19478-BAM, docket no. 1145, December 29, 2011. Having considered the briefs

19  and the record on appeal, this Court affirms the Order of the bankruptcy court. Further, Appellants'

20  conduct raises serious questions about their ethical and professional character. This is all the more

21  troubling as Appellants are members of the California Bar. They would do well to remember that the

22  highest standards are required of officers of the Court, including accurate, well-supported, and proof-

23  read briefs.[1]

24  ///

25
26  ---
    [1] This Court reminds Appellants that the standards of ethical conduct for members of the bar do not alter or evaporate simply because one is not acting in the capacity of legal counsel. Appellants appearance *pro se* is utterly irrelevant, and Appellants should elevate their conduct to that expected by the Bar and by this Court.

I. Procedural History and Background

The underlying facts before this Court have been detailed by the bankruptcy court in part II of its decision In re Flamingo 55, 378 B.R. 893, 900–04 (Bankr.D.Nev.2007), as clarified and amended by the Ninth Circuit. In re Flamingo 55, Inc., 646 F.3d 1253, 1254-55 (9th Cir. 2011). The Court need not iterate the long and tortuous sequence here, other than to highlight that the Ninth Circuit decision affirmed that Appellants Gregory Grantham and John Saba ("Appellants") were ineligible for subrogation because of "Broadway–Acacia's position as a partner or coventurer in the development enterprise that distinguished it as a joint borrower rather than a mere surety, guarantor or accommodation comaker." Id. at 1255.

Following the Ninth Circuit's decision, Appellants filed a Proof of Claim for contribution on or about September 29, 2011. The bankruptcy court disallowed the contribution claim as barred by 11 U.S.C. §502(e)(1)(c), and further because the claim was untimely. The issues before this Court are: 1) whether 11 U.S.C. §502(e)(1)(c) bars a claim for contribution after asserting a claim for subrogation under 11 U.S.C. §509; and 2) whether Appellants' claim is barred as untimely because Fed. R. Bankr. P. 3002(c)(3) does not extend the time for filing and because Appellant has not established an informal proof of claim. If this Court affirms the bankruptcy court on either ground, Appellants' claim fails.

II. Analysis

   A. Legal Standards

      i. Standard of Review

"[D]ecisions by judges are traditionally divided into three categories, denominated questions of law (reviewable de novo ), questions of fact (reviewable for clear error), and matters of discretion (reviewable for abuse of discretion)." Pierce v. Underwood, 487 U.S. 552, 558, (1988) (quotation marks and citation omitted).  "When a mixed question of law and fact is presented, the standard of review turns on whether factual matters or legal matters predominate." United States v. Marbella, 73 F.3d 1508, 1515 (9th Cir. 1996) (internal citations and quotations omitted). Because the

questions presented turn on legal rather than factual determinations, this Court will review these matters *de novo*.

### ii. Issues Not Raised Below

"[A]ny issue presented by the record [can] be raised before the district court, even if it was not presented to the bankruptcy court…where the issue did not raise facts outside the record. Matter of Pizza of Hawaii, Inc., 761 F.2d 1374, 1379 (9th Cir. 1985). Accordingly, issues raised for the first time before this Court will be considered to the extent they do not raise facts outside the record.

### B.  11 U.S.C. §502(e)(1)(c)

#### i.  Parties forgo contribution claims by asserting a right of subrogation

Section 502(e)(1)(c) reads in relevant part:

> …the court *shall* disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that--(C) such entity *asserts* a right of subrogation to the rights of such creditor under section 509 of this title. (emphasis added).

"[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54, (1992). Accordingly, courts have disallowed a claim for contribution under §502 once the party has asserted a claim for subrogation under §509. In re Celotex Corp., 289 B.R. 460, 465 (Bankr. M.D. Fla. 2003); accord Matter of Baldwin-United Corp., 55 B.R. 885, 895 (Bankr. S.D. Ohio 1985).

Here, Appellants have previously asserted a claim for subrogation under §509. A plain reading of the text of §502(e)(1)(c) therefore prohibits Appellants from bringing a claim for contribution under §502. Appellants argue that the public policy supporting §502(e)(1)(c) is the prevention of a dual-recovery, and as no dual-recovery will occur, the

statute should not apply to them.[2] While this Court agrees that this is one of the motivating policies, such considerations are wholly inadequate to negate the plain language of the statute. Further, considerations such as judicial economy strongly support requiring parties to select their theory of recovery once, rather than relitigating the same issue and facts under every theory Appellants can imagine.[3]

>> ii.  The Rule Against Surplussage.

Courts are not to find any of the terms of a statute meaningless, a prohibition known as the Rule Against Surplussage. See Garcia v. United States, 799 F. Supp. 674, 678 (W.D. Tex. 1992) rev'd on other grounds, 88 F.3d 318 (5th Cir. 1996). Further, as noted above, Courts are to "presume that a legislature says in a statute what it means and means in a statute what it says there." Germain, 503 U.S. 253-54. "The plain meaning of legislation [is] conclusive," except in the "rare cases [where] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989) (citations, quotations, and alterations omitted).

Seeking to bolster their argument that §502(e)(1)(c) should not apply to them for policy reasons, Appellants argue that because the prefatory language of §§ 502(e) and 509 are similar, they must be read identically. Section 502(e)(1)(c) reads in relevant part: "…[A]n entity that is liable with the debtor on or has secured the claim of a creditor…. Section 509(a) reads: "…[A]n

---

[2] Appellants also invoke "election of remedies" doctrines. Appellants' arguments are moot as resolution of this issue relies on statutory interpretation. Appellants further provide an isolated paragraph of unpersuasive legislative history in furtherance of their argument that §502(e)(1)(c) does not apply to Appellants. However, "recourse to legislative history is not necessary where a statute's plain meaning is clear…" Carson Harbor Vill., Ltd. v. Unocal Corp., 270 F.3d 863, 884 (9th Cir. 2001). Even so, this Court has reviewed the legislative history surrounding §502(e) and finds no indication that the result here contradicts congressional intent.

[3] Citing THE YARDBIRDS, Over, Under, Sideways, Down, on ROGER THE ENGINEER (Warner Bros. 1966), the bankruptcy court has this to say concerning Appellants' strategy: "As the facts show, Grantham and Saba have tried almost every legal stratagem to gain access to the value represented by Flamingo 55's Nevada property. They have come in over Flamingo 55, claiming Flamingo 55's property was liable for debts owed by Flamingo 55's initial parent entity. They have come in under Flamingo 55 by asserting ownership, through an affiliated entity, of 100% of Flamingo 55's equity. The claims at issue here represent an effort to squeeze in sideways as a secured claim against Flamingo 55's assets. This effort, as will be seen, is destined to be turned down. All that is left is the song's refrain, "When will it end?" In re Flamingo 55, Inc., 378 B.R. 893, 900 n. 2 (Bankr. D. Nev. 2007) aff'd as modified, 646 F.3d 1253 (9th Cir. 2011).

4

entity that is liable with the debtor on, or that has secured, a claim of a creditor *against the debtor*...." (emphasis added). Appellants assert that the phrase "against the debtor" is "mere surplussage" and should be disregarded. As a result, Appellants contend that because they did not qualify under the definition in §509, they cannot qualify under the similar language of §502(e), making the bar against asserting a claim for contribution once a claim for subrogation has been asserted inapplicable.

      Appellants' argument directly contradicts established canons of statutory interpretation and logic. As a result, Appellants' argument is at best unpersuasive, at worst it evidences a serious lack of ethical and professional character. First, this Court cannot and will not cast aside statutory language, in accordance with the Rule Against Surplussage. Second, the plain meaning of these two texts when compared, is that §509 applies to guarantors, etc. who are not jointly and severally liable with the debtor as the language indicates that the claim is not against entity in question, but "against the debtor." Conversely, and in harmony with the Ninth Circuit's previous opinion in this case, §502 applies to those who are jointly and severally liable with the debtor. The statutory text is conclusive as Appellants have failed to establish any persuasive evidence that the plain meaning is "demonstrably at odds" with congressional intent. As Appellants have been determined by the Ninth Circuit as a "joint borrower" with the debtor, §502(e) applies to bar their claim.

      C. Timeliness of Contribution Claim

          i. Fed. R. Bankr. P. 3002(c)(3)

          Rule 3002(c)(3) reads:

> (c) Time for filing
> In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:…
>
> (3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final *if* the judgment is for the recovery of money or property from that entity or *denies or avoids the entity's interest in property*. If the judgment imposes a liability which is not satisfied, or a duty which is not

performed within such period or such further time as the court may permit, the claim shall not be allowed. (emphasis added).

Appellants argue that the Ninth Circuit decision affirming that Appellants do not qualify for subrogation as they are jointly and severally liable with the debtor denies or avoids Appellants' interest in property.[4] This is simply not the case. The Ninth Circuit decision clarifies the nature of Appellants' interest, but it does not deny or avoid it. Accordingly, Rule 3002(c)(3) is inapplicable and does not extend the time for filing, making Appellants' claim time-barred.

### ii.  Informal Proof of Claims

Appellants assert a single line of unsubstantiated text as the basis for an informal proof of claim. Appellants provide no citation. Appellants' Reply Brief (#18) at 18, 24. When Appellant attempts to provide a reference, they refer the Court to twenty pages of text, none of which appear consistent with Appellants' assertion. Appellants' Opening Brief (#10) at 22. Appellants' shoddy work avoids the issue of what action Appellants took (presumably filing) with regard to their Proof of Claim on November 19, 2005. Appellants' Reply Brief (#18) at 18. This Court has not discovered any record of this Proof of Claim, nor any filing on that date. Appellants were further Ordered to file Excerpts of Record (#5) but failed to do so. Rather, they simply provided a courtesy copy to chambers, leaving the official record deficient. "Judges are not like pigs, hunting for truffles buried in briefs;" this Court has engaged in far more hunting than Appellants' arguments merit. Christian Legal Soc. Chapter of Univ. of California v. Wu, 626 F.3d 483, 488 (9th Cir. 2010). However, "[w]e will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim...." Greenwood v. F.A.A., 28 F.3d 971, 977 (9th Cir. 1994). This Court can find no trace of credible evidence suggesting that an informal proof of claim existed.

---

[4] Appellants cite In re Prestige Ltd. P'ship-Concord, 164 F.3d 1214 (9th Cir. 1999) for the proposition that a creditor's contribution claim was timely when filed after summary judgment in favor of the trustee. This case is clearly distinguishable. Appellant neglects the facts that unlike Concord, here the judgment of the Ninth Circuit did not deny or avoid an entity's interest in property, and further that Appellants are "joint borrowers," not creditors.

6

### D. Appellant's Unprofessional Conduct

Unfortunately, Appellants' failings go beyond those of logic and law. They assert that the bankruptcy court's Order was "irrational, illogical, and plainly ridiculous." Appellants' Opening Brief (#10) at 18. Further, they characterize the lower court's decision as "Alice in Wonderland type analysis." Appellants' Reply Brief (#18) at 6. Advocacy is expected of all members of the Bar, but ridiculing the court crosses a very serious line. This Court urges Appellants to revise their practice of law into harmony with the standards of professional conduct in all aspects to avoid the foreseeable consequences of this style of "practice."

## III. Conclusion

Accordingly, this Court **AFFIRMS** the bankruptcy court Order Re: Objections to Claim Number 12, Contribution Claim of Gregory Grantham and John Saba entered in Case 03-19478-bam, docket no. 1145, December 29, 2011, **DENYING** Appellants' claim for contribution.

DATED this 2nd day of August 2012.

_____
Kent J. Dawson
United States District Judge