# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

In Re: FLAMINGO 55, INC.
                Debtor.

GREGORY GRANTHAM AND JOHN SABA,

    Appellants,

v.

TIMOTHY S. CORY, CHAPTER 7 TRUSTEE AND EMERALD GATE CONSTRUCTION, INC.,

    Appellees.

Case No. 2:12-CV-0096-KJD-PAL

**ORDER**

       Presently before the Court is Appellants' Motion for Reconsideration (#20). The Trustee filed a response in opposition (#22). Appellee Emerald Gate Construction also filed an opposition (#23) and a Cross-motion for Bond, Fees, Costs and Damages (#24). Appellants filed a reply to the opposition (#25).

I.  Procedural History and Background

The underlying facts before this Court have been detailed by the bankruptcy court in part II of its decision In re Flamingo 55, 378 B.R. 893, 900–04 (Bankr.D.Nev.2007), as clarified and amended by the Ninth Circuit. In re Flamingo 55, Inc., 646 F.3d 1253, 1254-55 (9th Cir. 2011). The Court need not repeat the events here, other than to highlight that the Ninth Circuit decision affirmed that Appellants Gregory Grantham and John Saba ("Appellants") were ineligible for subrogation because of "Broadway–Acacia's position as a partner or coventurer in the development enterprise that distinguished it as a joint borrower rather than a mere surety, guarantor or accommodation comaker." Id. at 1255.

Following the Ninth Circuit's decision, Appellants filed a Proof of Claim for contribution on or about September 29, 2011. The bankruptcy court disallowed the contribution claim as barred by 11 U.S.C. §502(e)(1)(c), and further because the claim was untimely.  Appellants then filed the present action appealing the findings of the bankruptcy court.  The issues before this Court were: 1) whether 11 U.S.C. §502(e)(1)(c) bars a claim for contribution after asserting a claim for subrogation under 11 U.S.C. §509; and 2) whether Appellants' claim is barred as untimely because Fed. R. Bankr. P. 3002(c)(3) does not extend the time for filing and because Appellants have not established an informal proof of claim. The Court found against the Appellants on both issues and affirmed the decision of the bankruptcy court.

Appellants then filed the present motion for reconsideration.

II.  Motion for Reconsideration

Appellants' motion for reconsideration is treated as a petition for rehearing pursuant to Fed. R. Bankr. P. 8015.  The Ninth Circuit has upheld the application of Rule 40 of the Federal Rules of Appellate Procedure ("Rule 40") to a rehearing motion since Rule 8015 was derived from Rule 40. See In re Fowler, 394 F.3d 1208, 1214 (9th Cir. 2005);  Fed. R. Br. P. 8015 Advisory Committee Notes.  Rule 40 of the Federal Rules of Appellate Procedure requires the petitioner to "state with particularity the points of law or fact which in the opinion of the petitioner the court has overlooked

2

or misapprehended." Fed. R.App. P. 40(a).  "A petition for rehearing was not designed to be a 'crutch for dilatory counsel, nor, in the absence of a demonstrable mistake, to permit reargument of the same matters.'" Olson v. United States, 162 B.R. 831, 834 (D.Neb. 1993) (quoting United States v. Vasquez, 985 F.2d 491, 497 (10th Cir.1993)).  " 'Whether or not to grant reconsideration is committed to the sound discretion of the court.' " In re Fowler, 394 F.3d at 1214 (quoting Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003)).

Here the Court must reject Appellants' motion for reconsideration because they have failed to identify that the Court has actually overlooked any points of law or fact that Appellant previously raised.  In fact, the Court considered each of Appellants' arguments in their original brief and rejected them.  Appellants disagree and attempt to reargue and supplement its previously rejected theories.  However, "[a]ttempts to overcome deficiencies in the record or reiteration of previously rejected legal theories will not prompt a change of mind." Westcot Corp. v. Edo Corp., 857 F.2d 1387, 187-88 (10th Cir. 1988).

Appellants attempt to supplement their legal argument by citing for the first time before this court, In re Fiesole Trading Corp., 315 B.R. 198 (Bankr. Mass. 2004), without disclosing why they failed to cite the case originally.  However, Appellants are merely attempting to overcome their failure to convince the Court that their argument is correct rather than identifying a legal principle the Court failed to consider originally.  Furthermore, Fiesole is distinguishable because the language cited is dicta.  Further, Fiesole considers the "liable with the debtor" language included in both § 502(e) and § 509(a).  However, the controlling in district law is In re Flamingo 55, Inc., 378 B.R. 893, 919-20 (Bankr. D. Nev. 2007)(*aff'd* Flamingo, 646 F.3d at 1255).

Finally, Plaintiffs attempt to supplement the record by finally filing its Excerpts of Record on Appeal *with its motion for rehearing*.  Plaintiffs' maudlin excuse for failing to properly identify excerpts of record and file them is "Appellants were dealing with the fact that the Clerk's office had locked their CM/ECF account and spent more hours at the deadline dealing with this issue than on polishing the brief and it showed."  However, Appellants fail to mention that their CM/ECF account

was "locked" because they are appearing as *pro se* parties who do not have the same electronic filing privileges as attorneys admitted to the bar in the district, or who have appropriately associated local counsel, filed a *Pro Hac Vice* Application, and had it approved by the Court.  Therefore, Appellants were required to follow the same rules and procedures as all *pro se* parties who wish to file electronically in each action which they initiate.  A petition for rehearing is not a crutch for dilatory counsel.  See Vasquez, 985 F.2d at 497.  The Court will nor reconsider its finding that Appellants failed to meet their burden in establishing that they had made an informal proof of claim.  Even if the Court did, it would not conclude that Appellants' subrogation claim was also an informal contribution claim.  Therefore, the motion for reconsideration is denied.

III.  Cross-motion for Bond, Fees, Costs and Damages

Emerald Gates' motion for bond pending appeal is premature and denied.  Further, though the Court did not find for Appellants, it also cannot find that Appellants' issues raised on appeal were entirely frivolous.  The main issue raised by Appellants was within the outer realms of zealous representation.  Accordingly, the motion for attorneys' fees, costs and damages is denied.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Appellants' Motion for Reconsideration (#20) is **DENIED**;

IT IS FURTHER ORDERED that Appellee's Cross-motion for Bond, Fees, Costs and Damages (#24) is **DENIED**.

DATED this 18th day of March 2013.

_____
Kent J. Dawson
United States District Judge

4